**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED OVCHINNIKOV, | No. 09-35140 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01482-PK |
| v. | |
| CONTECH CONSTRUCTION PRODUCTS, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Plaintiff-Appellant Fred Ovchinnikov appeals the district court's denial of

his Motion to Set Aside Order of Dismissal and Reinstate Action. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court's dismissal order permitted Ovchinnikov to reinstate his claim if the settlement agreement was not consummated. *See* Fed. R. Civ. P. 41(a)(2). In determining the existence of a contract, we review the district court's legal conclusions de novo and factual findings for clear error. *U.S. for Use of Youngstown Welding and Eng'g Co. v. Travelers Indem. Co.*, 802 F.2d 1164, 1169 (9th Cir. 1986). We review the district court's factual findings regarding offer, acceptance, revocation, and the intent of the parties to form a contract for clear error. *See Ah Moo v. A.G. Becker Paribas, Inc.*, 857 F.2d 615, 621 (9th Cir. 1988) (offer, acceptance, and revocation); *Local 3-7, Int'l Woodworkers of Am. v. DAW Forest Prods. Co.*, 833 F.2d 789, 793 (9th Cir. 1987) (intent to form a contract).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). The parties do not dispute that Oregon is the place where the contract was executed, or that Oregon law governs the issue of contract formation. *See Sterrett v. Stoddard Lumber Co.*, 46 P.2d 1023, 1028 (Or. 1935).

The district court correctly concluded that, according to Oregon's objective theory of contract, the parties formed a settlement contract. *See In re Marriage of Baldwin*, 168 P.3d 1233, 1235 (Or. Ct. App. 2007). Ovchinnikov's argument that

2

he did not understand that the terms "full release" of "all claims" meant *all* his claims against Contech is without merit. *See Dalton v. Robert Jahn Corp.*, 146 P.3d 399, 406 (Or. Ct. App. 2006) (rejecting appellant's claim that she did not understand the terms of the agreement she signed because "there is nothing in the record to indicate that anyone knew or should have known that [appellant] believed anything different from what everyone else believed," the terms of the agreement "were clear and comprehensible," and appellant had "access to professional assistance" to determine what the agreement meant).

Moreover, any possible ambiguity was clarified by Contech's proposed form of settlement agreement, which listed the specific claims to which "all claims" referred. After receiving this document, Ovchinnikov's counsel responded by e-mail that "the agreement looks good," contacted the district court to have the case dismissed, and sent another e-mail stating that "this case has been resolved." These statements and actions objectively indicate that Ovchinnikov's counsel understood what Contech meant by "full release of all claims." *See Kaiser Found. Health Plan of the Nw. v. Doe*, 903 P.2d 375, 380 (Or. Ct. App. 1995). Because Ovchinnikov's counsel had apparent authority to agree to a binding settlement on Ovchinnikov's behalf, counsel's understanding of the term was sufficient to form a contract. *See id.*

3

The district court's finding that Ovchinnikov's counsel did in fact agree to the terms of the settlement agreement—and not just to the *form* of the settlement agreement—is not clearly erroneous. Ovchinnikov's counsel objectively manifested assent to the terms of Contech's offer in three ways: (1) by stating that "the agreement looks good"; (2) by moving to have the case dismissed; and (3) by sending an e-mail stating, "this case has been resolved." Although "the agreement looks good," in isolation, might be construed as assent only to the form of the agreement, the decision to seek dismissal of the action and the statement that the case has "been resolved" objectively indicate that an agreement on the terms was reached. And there is no evidence that either party intended that the agreement be conditioned on a signed writing. *See Gen. Realty Corp. v. Douglas Lowell, Inc.*, 354 P.2d 306, 310–11 (Or. 1960).

Nor did the district court abuse its discretion by enforcing the settlement contract between Contech and Ovchinnikov and declining to reinstate the action. Our cases rendering employee-arbitration clauses unenforceable unless the employee knowingly waived his or her right to a judicial forum are inapplicable here. *See, e.g.*, *Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1303–05 (9th Cir. 1994). Ovchinnikov waived his claims *after* bringing suit in a judicial forum, not his right to a judicial forum. Moreover, the "knowing waiver" doctrine renders

4

arbitration clauses unenforceable only with regard to claims that the claimant did not know were covered by the arbitration clause. *See Renteria v. Prudential Ins. Co. of Am.*, 113 F.3d 1104, 1107 (9th Cir. 1997). Ovchinnikov cannot plausibly argue that he did not know that a settlement agreement with Contech contemplating a "full release of all claims" would waive the discrimination claims he raised *in the present lawsuit*. Analogy to Federal Rule of Civil Procedure 60(b)(6) is not helpful here. Although that rule permits courts to give relief from judgments, it does not empower courts to decline to enforce binding contracts between private parties.

**AFFIRMED**.